1 │ TRACY L. WILKISON
  │ Acting United States Attorney
2 │ SCOTT M. GARRINGER
  │ Assistant United States Attorney
3 │ Chief, Criminal Division
  │ JERRY C. YANG (Cal. Bar No. 241323)
4 │ Assistant United States Attorney
  │ Chief, Riverside Branch Office
5 │     3403 Tenth Street, Suite 200
  │     Riverside, California 92501
6 │     Telephone: (951) 276-6221
  │     Facsimile: (951) 276-6237
7 │     E-mail: Jerry.Yang@usdoj.gov

8 │ Attorneys for Plaintiff
  │ UNITED STATES OF AMERICA

9 │

10 │                    UNITED STATES DISTRICT COURT

11 │              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 │ UNITED STATES OF AMERICA,          ED CR No. 19-399-CAS

13 │            Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
   │                                    STEVEN MICHAEL BANKS HUBBARD JR.
14 │            v.

15 │ STEVEN MICHAEL BANKS HUBBARD
   │ JR.,
16 │   aka "Man" and
   │      "Marcus,"

17 │

18 │

19 │     1.    This constitutes the plea agreement between STEVEN MICHAEL

20 │ BANKS HUBBARD JR. ("defendant") and the United States Attorney's

21 │ Office for the Central District of California (the "USAO") in the

22 │ above-captioned case.  This agreement is limited to the USAO and

23 │ cannot bind any other federal, state, local, or foreign prosecuting,

24 │ enforcement, administrative, or regulatory authorities.

25 │                      DEFENDANT'S OBLIGATIONS

26 │     2.    Defendant agrees to:

27 │         a.    At the earliest opportunity requested by the USAO and

28 │ provided by the Court, appear and plead guilty to counts three and

1  ten of the indictment in <u>United States v. Steven Michael Banks</u>

2  <u>Hubbard Jr.</u>, ED CR No. 19-399-CAS, which charge defendant with 18

3  U.S.C. § 1344(2): Bank Fraud; and 18 U.S.C. § 1028A(a)(1): Aggravated

4  Identity Theft, respectively.

5          b.   Not contest facts agreed to in this agreement.

6          c.   Abide by all agreements regarding sentencing contained

7  in this agreement.

8          d.   Appear for all court appearances, surrender as ordered

9  for service of sentence, obey all conditions of any bond, and obey

10  any other ongoing court order in this matter.

11          e.   Not commit any crime; however, offenses that would be

12  excluded for sentencing purposes under United States Sentencing

13  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

14  within the scope of this agreement.

15          f.   Be truthful at all times with the United States

16  Probation and Pretrial Services Office and the Court.

17          g.   Pay the applicable special assessments at or before

18  the time of sentencing unless defendant has demonstrated a lack of

19  ability to pay such assessments.

20          h.   Agree to and not oppose the imposition of the

21  following conditions of probation or supervised release:

22             i.   Not open, or cause to be opened, any bank or

23  credit accounts in any names other than defendant's own true legal

24  name.

25          i.   To the abandonment to the United States of any

26  interest of the defendant in the following firearm and ammunition,

27  seized by law enforcement on or about December 6, 2019:

28

1              i.   Taurus PT 111 9mm caliber semi-automatic serial
2   number TYC67761 (the "Seized Firearm"); and

3              ii.  Approximately 12 rounds of 9mm caliber
4   ammunition.

5         j.   To acknowledgement by defendant that he is the sole
6   owners of the Seized Firearm and that no other person or entity has
7   an interest in the seized firearms and accessories.

8         k.   To complete any legal documents (including, but not
9   limited to, an ATF Form 3400.1 – Abandonment) required for the
10  transfer of title of the Seized Firearm to the United States.

11        l.   Authorize the USAO to obtain a credit report
12  immediately upon defendant's entry of a guilty plea.

13        m.   Consent to the USAO inspecting and copying all of
14  defendant's financial documents and financial information held by the
15  United States Probation and Pretrial Services Office.

16        n.   Complete the Financial Disclosure Statement on a form
17  provided by the USAO and, within 30 days of defendant's entry of a
18  guilty plea, deliver the signed and dated statement, along with all
19  of the documents requested therein, to the USAO by either email at
20  usacac.FinLit@usdoj.gov or mail to the USAO Financial Litigation
21  Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

22   3.   Defendant further agrees:

23        a.   To forfeit all right, title, and interest in and to
24  any and all monies, properties, and/or assets of any kind, derived
25  from or acquired as a result of the illegal activity to which
26  defendant is pleading guilty (collectively, the "Forfeitable
27  Assets").

28

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

///

i.    That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.   Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 1029: Fraud and Related Activity in Connection With Access Devices; 18 U.S.C. § 1344: Bank Fraud; U.S.C. § 1341/1343: Wire and Mail Fraud; and 18 U.S.C. § 922(g): Felon in Possession of Firearm and Ammunition, arising out of defendant's conduct described in the agreed-to factual

basis set forth in paragraph 15 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

f.   Recommend that defendant be sentenced to a term of imprisonment of no greater than 36 months.

## NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in count three, that is, Bank Fraud, in violation of 18 U.S.C. § 1344(2), the following must be true:

a.   First, the defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises;

b.   Second, the defendant knew that the statements or promises were false;

c.   Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

d.   Fourth, the defendant acted with the intent to defraud; and

e.   Fifth, the financial institution was federally insured.

6.    Defendant understands that for defendant to be guilty of the crime charged in count ten, that is, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), the following must be true:

a.    First, the defendant knowingly used without legal authority a means of identification of another person;

b.    Second, the defendant knew that the means of identification belonged to a real person; and

c.    Third, the defendant did so during and in relation to a violation of 18 U.S.C. § 1344(2): Bank Fraud.

<u>PENALTIES AND RESTITUTION</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1344(2), is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 1028A(a)(1), as charged in count ten of the indictment, is a 2-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 32 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

7

10.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $2.4 million, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.   Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

12.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised

8

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and

1    immigration consequences are the subject of a separate proceeding and

2    that no one, including his attorney or the Court, can predict to an

3    absolute certainty the effect of his convictions on his immigration

4    status.  Defendant nevertheless affirms that he wants to plead guilty

5    regardless of any immigration consequences that his pleas may entail,

6    even if the consequence is automatic removal from the United States.

7                                FACTUAL BASIS

8         15.  Defendant admits that defendant is, in fact, guilty of the

9    offenses to which defendant is agreeing to plead guilty.  Defendant

10   and the USAO agree to the statement of facts provided below and agree

11   that this statement of facts is sufficient to support pleas of guilty

12   to the charges described in this agreement and to establish the

13   Sentencing Guidelines factors set forth in paragraph 17 below but is

14   not meant to be a complete recitation of all facts relevant to the

15   underlying criminal conduct or all facts known to either party that

16   relate to that conduct.

17            Beginning by at least May 2015 and continuing to July

18            2019, defendant operated a scheme in which he gained

19            control of Wells Fargo Bank ("Wells Fargo") checking

20            accounts in other people's names in order to make phony

21            fraud loss claims to Wells Fargo.  Defendant would first

22            obtain control of the accounts from the accountholders,

23            sometimes using a third-party to do so.  Defendant would

24            then deposit a large amount of money, typically around

25            $2,000, into the account.  Typically the same day, or

26            shortly after the deposit, he would withdraw the money from

27            an automatic teller machine ("ATM") and then, posing as the

28            account holder, call Wells Fargo to report that the funds

                                    10

1    had been withdrawn without authorization.  Relying on
2    defendant's representations that the cash withdrawals and
3    purchases were unauthorized, Wells Fargo would grant a
4    provisional credit of funds into the Wells Fargo checking
5    account.

6        Defendant would again pose as the holder of the Wells
7    Fargo checking account to make purchases and withdraw, as
8    cash, the provisional credit of funds from the Wells Fargo
9    checking account.  Defendant would again call Wells Fargo
10   to report that the cash withdrawal and purchases were
11   unauthorized and to obtain another provisional credit of
12   funds into the Wells Fargo checking account.

13       Defendant would repeat this process until Wells Fargo
14   closed the checking account based on suspected fraud.
15   Altogether, defendant repeated this scheme on more than 900
16   bank accounts at Wells Fargo and caused more than $2.4
17   million in loss to Wells Fargo.

18       On December 18, 2017, defendant deposited $2,400 into a
19   Wells Fargo checking account number ending in Account 2203 in
20   V.A.'s name ("2203 Account").  Over the next few days, defendant
21   made several purchases and ATM withdrawals against the 2203
22   Account, totaling approximately $2,295.48.  On or about December
23   19, 2017, pretending to be V.A., defendant called Wells Fargo to
24   make a claim that there had been fraudulent charges incurred
25   against the 2203 Account.

26       Specifically, defendant claimed that the debit card
27   associated with the 2203 Account had been stolen and that
28   several fraudulent charges (totaling $2,295.48) had been

11

incurred against the 2203 Account.  In truth and in fact, as defendant then knew, defendant had actually incurred those charges and withdrawals on the 2203 Account.  Defendant made those false claims intending to defraud Wells Fargo.  On or about December 20, 2017, in reliance on defendant's false claims, which were material, Wells Fargo, issued a provisional credit of $2,295.48.

On December 19, 2017, defendant knowingly used, without legal authority, a means of identification of another person, namely, V.A.'s name, to call Wells Fargo to make a false claim. At the time of the call, defendant knew that the means of identification belonged to a real person.  Defendant used V.A.'s name to call Wells Fargo during and in relation to his execution of his bank fraud scheme, in violation of 18 U.S.C. § 1344, as set forth in Count Three of the Indictment.

At the time of defendant's scheme, Wells Fargo was a financial institution insured by the Federal Deposit Insurance Corporation.

<u>SENTENCING FACTORS</u>

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

1  be free to exercise its discretion to impose any sentence it finds
2  appropriate between the mandatory minimum and up to the maximum set
3  by statute for the crimes of conviction.

4      17.  Defendant and the USAO agree to the following applicable
5  Sentencing Guidelines factors:

6      Base Offense Level:            7    [U.S.S.G. § 2B1.1(a)(1)]

7      Specific Offense
       Characteristics -Loss between
8      $1.5M and $3.5M              +16   [U.S.S.G. § 2B1.1(b)(1)(I)]

9  The USAO agrees to not seek a specific offense characteristic for
10 sophisticated means under U.S.S.G. § 2B1.1(b)(10), or a role
11 enhancement adjustment under U.S.S.G. § 3B1.1.  Defendant and the
12 USAO reserve the right to argue that additional specific offense
13 characteristics, adjustments, and departures under the Sentencing
14 Guidelines are appropriate.  Defendant understands that the Court
15 must sentence defendant to a term of two-years of imprisonment on
16 count ten, which must run consecutive to any term of imprisonment
17 imposed for count three.

18     18.  Defendant understands that there is no agreement as to
19 defendant's criminal history or criminal history category.

20     19.  Defendant and the USAO reserve the right to argue for a
21 sentence outside the sentencing range established by the Sentencing
22 Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
23 (a)(2), (a)(3), (a)(6), and (a)(7).

24                 WAIVER OF CONSTITUTIONAL RIGHTS

25     20.  Defendant understands that by pleading guilty, defendant
26 gives up the following rights:

27         a.   The right to persist in a plea of not guilty.

28         b.   The right to a speedy and public trial by jury.

13

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

21.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

///

14

1

## WAIVER OF APPEAL OF CONVICTION

2       22.  Defendant understands that, with the exception of an appeal
3  based on a claim that defendant's guilty pleas were involuntary, by
4  pleading guilty defendant is waiving and giving up any right to
5  appeal defendant's convictions on the offenses to which defendant is
6  pleading guilty.  Defendant understands that this waiver includes,
7  but is not limited to, arguments that the statutes to which defendant
8  is pleading guilty are unconstitutional, and any and all claims that
9  the statement of facts provided herein is insufficient to support
10  defendant's pleas of guilty.

11

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12       23.  Defendant agrees that, provided the Court imposes a total
13  term of imprisonment on all counts of conviction of no more than 72
14  months, defendant gives up the right to appeal all of the following:
15  (a) the procedures and calculations used to determine and impose any
16  portion of the sentence; (b) the term of imprisonment imposed by the
17  Court; (c) the fine imposed by the Court, provided it is within the
18  statutory maximum; (d) to the extent permitted by law, the
19  constitutionality or legality of defendant's sentence, provided it is
20  within the statutory maximum; (e) the amount and terms of any
21  restitution order, provided it requires payment of no more than $2.5
22  million; (f) the term of probation or supervised release imposed by
23  the Court, provided it is within the statutory maximum; and (g) any
24  of the following conditions of probation or supervised release
25  imposed by the Court: the conditions set forth in General Order 18-10
26  of this Court; the drug testing conditions mandated by 18 U.S.C.
27  §§ 3563(a)(5) and 3583(d); and any conditions of probation or
28  supervised release agreed to by defendant in paragraph 2 above.

24.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 57 months, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

25.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.   Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any

16

1   remaining count of conviction, with both the USAO and defendant being

2   released from all their obligations under this agreement, or

3   (c) leave defendant's remaining conviction, sentence, and plea

4   agreement intact.  Defendant agrees that the choice among these three

5   options rests in the exclusive discretion of the USAO.

6                     EFFECTIVE DATE OF AGREEMENT

7      27.  This agreement is effective upon signature and execution of

8   all required certifications by defendant, defendant's counsel, and an

9   Assistant United States Attorney.

10                     BREACH OF AGREEMENT

11      28.  Defendant agrees that if defendant, at any time after the

12   signature of this agreement and execution of all required

13   certifications by defendant, defendant's counsel, and an Assistant

14   United States Attorney, knowingly violates or fails to perform any of

15   defendant's obligations under this agreement ("a breach"), the USAO

16   may declare this agreement breached.  All of defendant's obligations

17   are material, a single breach of this agreement is sufficient for the

18   USAO to declare a breach, and defendant shall not be deemed to have

19   cured a breach without the express agreement of the USAO in writing.

20   If the USAO declares this agreement breached, and the Court finds

21   such a breach to have occurred, then: (a) if defendant has previously

22   entered guilty pleas pursuant to this agreement, defendant will not

23   be able to withdraw the guilty pleas, and (b) the USAO will be

24   relieved of all its obligations under this agreement.

25      29.  Following the Court's finding of a knowing breach of this

26   agreement by defendant, should the USAO choose to pursue any charge

27   that was either dismissed or not filed as a result of this agreement,

28   then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in 17 are consistent with the
facts of this case.  While this paragraph permits both the USAO and
defendant to submit full and complete factual information to the
United States Probation and Pretrial Services Office and the Court,
even if that factual information may be viewed as inconsistent with
the facts agreed to in this agreement, this paragraph does not affect
defendant's and the USAO's obligations not to contest the facts
agreed to in this agreement.

32.   Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty pleas, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be between
the statutory mandatory minimum and the statutory maximum.

## NO ADDITIONAL AGREEMENTS

33.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional

19

1   promise, understanding, or agreement may be entered into unless in a
2   writing signed by all parties or on the record in court.

3               PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4       34.   The parties agree that this agreement will be considered
5   part of the record of defendant's guilty plea hearing as if the
6   entire agreement had been read into the record of the proceeding.

7   AGREED AND ACCEPTED

8   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
9   CALIFORNIA

10  TRACY L. WILKISON
    Acting United States Attorney
11

12  _____          June 18, 2021
    JERRY C. YANG                      Date
13  Assistant United States Attorney
    Chief, Riverside Branch Office
14

15  _____          6/16/21
    STEVEN MICHAEL BANKS HUBBARD JR     Date
16  Defendant

17  _____          6/16/21
    JOSEPH SHEMARIA                     Date
18  Attorney for Defendant
    STEVEN MICHAEL BANKS HUBBARD JR.
19

20                     CERTIFICATION OF DEFENDANT

21      I have read this agreement in its entirety. I have had enough
22  time to review and consider this agreement, and I have carefully and
23  thoroughly discussed every part of it with my attorney. I understand
24  the terms of this agreement, and I voluntarily agree to those terms.
25  I have discussed the evidence with my attorney, and my attorney has
26  advised me of my rights, of possible pretrial motions that might be
27  filed, of possible defenses that might be asserted either prior to or
28  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

                                  20

1 | of relevant Sentencing Guidelines provisions, and of the consequences
2 | of entering into this agreement.  No promises, inducements, or
3 | representations of any kind have been made to me other than those
4 | contained in this agreement.  No one has threatened or forced me in
5 | any way to enter into this agreement.  I am satisfied with the
6 | representation of my attorney in this matter, and I am pleading
7 | guilty because I am guilty of the charges and wish to take advantage
8 | of the promises set forth in this agreement, and not for any other
9 | reason.
10 |
11 | STEVEN MICHAEL BANKS HUBBARD JR.          Date  6/10/21
12 | Defendant
13 |                  CERTIFICATION OF DEFENDANT'S ATTORNEY
14 |      I am STEVEN MICHAEL BANKS HUBBARD JR.'s attorney.  I have
15 | carefully and thoroughly discussed every part of this agreement with
16 | my client.  Further, I have fully advised my client of his rights, of
17 | possible pretrial motions that might be filed, of possible defenses
18 | that might be asserted either prior to or at trial, of the sentencing
19 | factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing
20 | Guidelines provisions, and of the consequences of entering into this
21 | agreement.  To my knowledge: no promises, inducements, or
22 | representations of any kind have been made to my client other than
23 | those contained in this agreement; no one has threatened or forced my
24 | client in any way to enter into this agreement; my client's decision
25 | to enter into this agreement is an informed and voluntary one; and
26 | ///
27 |
28 |

21

1   the factual basis set forth in this agreement is sufficient to

2   support my client's entry of guilty pleas pursuant to this agreement.

3

_____                    6/16/2021
JOSEPH SHEMARIA                                      Date
Attorney for Defendant STEVEN
MICHAEL BANKS HUBBARD JR.

22